UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

| | |
|---|---|
| LIVIA M. SCOTTO, | NOT FOR PUBLICATION |
| Plaintiff, | **MEMORANDUM & ORDER**<br>18-CV-7242 (MKB) |
| v. | |
| SOCIETE AIR FRANCE, VINCI GROUP PROPERTY, UNITED CONTINENTAL HOLDINGS, SOCIETE GENERALE, FREDERIC OUDEA, CORPORATION COUNSEL, COUNTY OF MAUI, M. DYER AND SONS, ATLANTIC RELOCATIONS, M. DYER AND SONS AFFILIATES AND SUBSIDIARIES, THE CORPORATION TRUST, COUNTY OF HONOLULU, THE CORPORATION COUNSEL, STATE OF HAWAII, HAWAII PUBLIC HOUSING AUTHORITY, JOHNATHAN BEATTY TRUST, MEDERIOS TRUST, UNITED CONTINENTAL HOLDINGS, PAC GLOBAL INSURERS, JESSICA M. MCCLEAN, and COUNSEL OF RECORD, | |
| Defendants. | |

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Plaintiff Livia M. Scotto, proceeding *pro se*, commenced the above-captioned action on November 26, 2018, against Defendants. (Compl., Docket Entry No. 1.) The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this Memorandum and Order. For the reasons set forth below, the Court dismisses the Complaint.

## I. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)); see *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a pro se complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

### b. Plaintiff fails to state a claim

The Complaint is incoherent and incomprehensible and fails to state a claim that may be remedied by this Court. For example, on the first page of Plaintiff's 198-page Complaint, Plaintiff identifies the action as "[c]omplaint on harms air passenger violations concealment of fraud conspiracy price fixing violations of EU Treaty movement of goods price fixing by freight forwarders and agents et denial of freedom of movement of persons." (Compl. 1.) There are no

concrete allegations in the Complaint generally or against any of the named Defendants. The entire Complaint appears to be comprised of excerpts and attachments referencing various court filings and cases from other federal district and appellate courts, including a case no longer pending in the Eastern District of New York, *Schenker AG v. Societe Air France, et al.*, No. 14-CV-4711 (E.D.N.Y. Dec. 7, 2017). (*See generally* Compl.)

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), and that "[e]ach averment of a pleading shall be simple, concise, and direct," Fed. R. Civ. P. 8(e)(1). Dismissal of a complaint is appropriate where the complaint is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Whitfield v. Johnson*, No. 18-CV-1331, 2019 WL 1178739, at *1 (2d Cir. Mar. 13, 2019) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).

Even under the most liberal reading of the Complaint, the Court cannot discern any legally cognizable harm that Plaintiff has suffered. *See Trice v. Onondaga Cty. Justice Ctr.*, 124 F. App'x 693, 694 (2d Cir. 2005) (affirming the district court's dismissal where the plaintiff's second amended complaint was "incomprehensible, incomplete and technically deficient, consisting of one, rambling paragraph" and "containing over 550 lines . . . [of] incoherent allegations"). Accordingly, the Court dismisses the Complaint.

### c. The Court declines to afford Plaintiff an opportunity to amend the Complaint

While the Court would ordinarily allow Plaintiff to amend her Complaint to cure the identified deficiencies, any amendment in this case would be futile and "[l]eave to amend may properly be denied if the amendment would be futile . . . ." *Russell v. Aid to Developmentally Disabled, Inc.*, 753 F. App'x 9, 15 (2d Cir. 2018) (*citing Anderson News, L.L.C. v. Am. Media,*

*Inc.*, 680 F.3d 162, 185 (2d Cir. 2012)).

In addition to the incoherent nature of Plaintiff's complaint, Plaintiff has a long history of filing similar actions in other courts. Indeed, Plaintiff has filed over fifty cases in federal courts. *See, e.g.*, *Scotto v. M. Dyer & Sons*, No. 18-CV-1665, 2018 WL 4760791 (M.D. Fla. Aug. 7, 2018); *Scotto v. Comm'r of Soc. Sec.*, No. 18-CV-1433, 2018 WL 4214544 (M.D. Fla. Sept. 5, 2018); *Scotto v. United Cont'l Airlines*, No. 18-CV-2332, 2018 WL 4627100 (N.D. Tex. Sept. 7, 2018), *appeal dismissed sub nom. Scotto v. United Cont'l Airlines*, No. 18-CV-11542, 2018 WL 6828856 (5th Cir. Dec. 20, 2018); *Scotto v. CUC Int'l*, No. 07-CV-00213, 2007 WL 1341183 (D. Haw. May 3, 2007); *Scotto v. McClean*, No. 17-CV-2730, 2018 WL 1886568 (M.D. Fla. Jan. 30, 2018).

In addition, Plaintiff is the subject of several filing injunctions in various courts. *See e.g.*, *In re Livia M. Scotto*, No. 18-MC-62 (M.D. Fla. Aug. 8, 2018); *Scotto v. USA*, No. 16-CV-9125 (S.D.N.Y. Jan. 30, 2017); *In re Livia M. Scotto*, No. 11-MC-302 (D. Haw. Dec. 14, 2011) (Docket Entry No. 5). As such, the Court finds that any amendment would be futile and denies Plaintiff leave to amend. *See Clifton v. Office of Temp. Disability Otda*, No. 15-CV-6806, 2016 WL 482021, at *2 (E.D.N.Y. Feb. 4, 2016) ("Whereas ordinarily the [c]ourt would allow [the] plaintiff an opportunity to amend . . . it need not afford that opportunity here where it is clear from plaintiff's submission and prior litigation history with the [c]ourt that he cannot state a plausible claim for relief. As such, any attempt to amend . . . would be futile."); *see also Glass v. U.S. Presidents since 1960*, No. 17-CV-3141, 2017 WL 4621006, at *4 (E.D.N.Y. Oct. 12, 2017) (finding that the plaintiff's amended complaint rose "to the level of irrational," and declining to afford the plaintiff an opportunity to further amend her complaint "given that the deficiencies therein [were] not such that could be cured by amendment").

## II. Conclusion

For the reasons set forth above, the Court dismisses Plaintiff's Complaint. Plaintiff is cautioned that this Court will not tolerate frivolous litigation and that she may be subject to a filing injunction should she continue to file similar actions in this Court. *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: May 1, 2019
       Brooklyn, New York

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District